# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0301
Lower Tribunal No. 16-27595
_____

**Universal Property & Casualty Insurance Company,**
Appellant,

vs.

**Luis Nacimiento,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Reising Law, P.A., and Richard Barron Doyle, Jr. (Boca Raton); Russo Appellate Firm, P.A., and Elizabeth K. Russo, and Paulo R. Lima, for appellant.

Giasi Law, P.A., and Melissa A. Giasi, and Erin M. Berger (Tampa), for appellee.


Before LINDSEY, LOBREE, and BOKOR, JJ.

LINDSEY, J.

Appellant Universal Property & Casualty Insurance Company, Defendant below, appeals from a Final Judgment following a jury verdict in favor of Appellee Luis Nacimiento, Plaintiff below. This is a first-party residential property insurance case involving water damage that occurred in January 2016. For the reasons set forth below, we affirm.

## I.  BACKGROUND

The facts are largely undisputed. At all relevant times, Nacimiento was covered under a Universal Homeowners Policy. This case involves water damage from a January 2016 roof leak.[1] After the leak, Nacimiento contacted a public adjuster, which arranged for water mitigation and prepared an estimate (the "2016 Estimate"). Nacimiento reported the claim to Universal in February 2016, and Universal assigned a field adjuster to take photographs and prepare an estimate. In April 2016, Nacimiento submitted a sworn proof of loss in the amount of $64,184.59. That same month, Universal sent Nacimiento an actual cash value settlement amount of $14,188.99. Nacimiento cashed the check and made repairs. In October 2016, Nacimiento sued Universal for breach of contract alleging that Universal underpaid.

---

[1] It is undisputed that only the interior water damage is covered and not the roof.

In May 2020, while Nacimiento's action was still pending, an unrelated bathroom leak occurred. This claim was handled by the Weir Law Firm, which prepared an estimate in the amount of $38,909.18 (the "2020 Weir Estimate"). Nacimiento submitted a sworn proof of loss (signed in March 2021) for the May 2020 leak in the same amount (minus the $2,500 deductible).

Returning to the 2016 roof leak claim, in September 2021, Nacimiento obtained a new estimate conducted by Rafael Leyva (the "2021 Leyva Estimate"). This new estimate calculated a replacement cost value amount of $47,608.50.[2] In October 2021, Universal deposed Leyva and discovered he was not aware of the 2020 bathroom leak when he prepared his estimate. Therefore, his estimate, prepared in 2021 for the 2016 roof leak, may have also included damage from the 2020 bathroom leak. Based on this newly discovered information, Universal added a concealment or fraud affirmative defense. Universal's amended pleading attached both the 2021 Leyva Estimate and the 2020 Weir Estimate.

Before trial, the court addressed Universal's concealment or fraud defense. The court asked for clarification when the alleged misrepresentation occurred because Universal was relying on documents

---

[2] Replacement cost value is the full amount to repair the damage at the current cost. Actual cash value is the replacement cost minus depreciation.

that were never submitted for the 2016 roof leak claim (both the 2020 Weir Estimate and Nacimiento's 2021 sworn proof of loss were submitted for the 2020 bathroom leak claim). Universal clarified that the misrepresentation was in the 2021 *Leyva Estimate*:

> [COURT:] Okay. So I don't understand. Are you saying that the - - when is the material misrepresentation on the sworn proof of loss in May - - for the May 2020 or the original?
>
> . . . .
>
> [COUNSEL FOR UNIVERSAL]: The misrepresentation is on the estimate that Mr. Leyva, their trial expert, created in September of 2021.

The parties agreed that Leyva, Plaintiff's expert, would be subject to cross-examination on his alleged overinclusive estimate, and the court ruled that the jury would be instructed on the affirmative defense.

At trial, Leyva testified that when he inspected the property in 2021 for damage caused by the 2016 roof leak, he was not aware there had been an intervening bathroom leak in 2020. When he found out, he determined that damage to a bathroom wall was likely caused by the 2020 bathroom leak, so it should be subtracted from his estimate. On cross examination, Universal questioned Leyva about the other line items, and Leyva explained, referencing a diagram of the floor plan, why he believed the remaining damage was caused by the 2016 roof leak. Leyva also explained that he

4

consulted the 2016 Estimate and photographs from 2016 to determine what had been damaged before the 2020 bathroom leak.

Universal's corporate representative, Jimmy Casas, also testified. During Casas's testimony, counsel for Universal attempted to admit into evidence the documents that are the subject of this appeal: Nacimiento's 2021 sworn proof of loss and the 2020 Weir Estimate. Counsel for Nacimiento objected based on hearsay and relevance. At sidebar, the trial court observed that Universal was attempting to admit the hearsay documents as its business records. The court determined these were not Universal's business records because they were not generated by Universal.

Universal then attempted to argue that Nacimiento's 2021 sworn proof of loss fell under the hearsay exception for admissions by a party opponent. The court ruled that it was not an admission *in this case* because Nacimiento's 2021 sworn proof of loss was not submitted for the 2016 claim but for the 2020 bathroom leak claim:

> [THE COURT]: Okay. All right. It is hearsay, okay? It's an out of court statement embedded in Universal's business records. It is hearsay within hearsay. On that ground alone, it should be excluded. I understand your exception that you're attempting to try under, that it's an admission. I don't believe it's an admission in this case. I believe it's an admission in the 2020 case. So it's a stretch too far to say that this is an admission that can relate back to this preexisting claim. So for those reasons, I'm sustaining the objection.

5

After both sides rested, Universal moved for directed verdict on its affirmative defenses. Universal argued that its fraud or concealment defense depended on the 2020 Weir Estimate and Nacimiento's 2021 sworn proof of loss, neither of which had been admitted into evidence. The trial court again explained that these documents did not show that Nacimiento made a misrepresentation in the 2016 claim because they were submitted for the 2020 claim. However, the court allowed the issue of misrepresentation to go to the jury based Leyva's testimony and his 2021 Estimate.

The jury returned a verdict in favor of Nacimiento. On the question of whether Universal proved, by the greater weight of the evidence, that Nacimiento intentionally concealed or misrepresented any material fact, the jury answered no. The court entered final judgment in favor of Nacimiento, and Universal timely appealed.[3]

## II. ANALYSIS

A trial court's decision to admit or exclude evidence is reviewed under the abuse of discretion standard. See Int'l Sec. Mgmt. Group, Inc. v. Rolland, 271 So. 3d 33, 44 (Fla. 3d DCA 2018). "However, the question of whether a

---

[3] Universal also filed a post-trial motion for judgment notwithstanding the verdict and, alternatively, a new trial based on a host of issues, including the trial court's exclusion of the 2020 Weir Estimate and Nacimiento's 2021 sworn proof of loss. The court denied Universal's motion.

6

statement is hearsay is a matter of law and is subject to de novo review on appeal." Jackson v. Household Fin. Corp. III, 298 So. 3d 531, 535 (Fla. 2020) (quoting Tundidor v. State, 221 So. 3d 587, 598 (Fla. 2017)).

Universal argues it is entitled to a new trial because the trial court erred in excluding the 2020 Weir Estimate and Nacimiento's 2021 sworn proof of loss as hearsay. Universal contends these two documents were admissible under the business records exception and the admissions exception to hearsay. We disagree.

1. Business Records Exception

Section 90.803(6), Florida Statutes (2023), sets forth the business records exception to hearsay. Business records are admissible when "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such [business records] as shown by the testimony of the custodian or other qualified witness . . . ." Id.

The trial court correctly concluded that Universal could not admit the 2020 Weir Estimate or Nacimiento's 2021 sworn proof of loss through its corporate representative because nobody at Universal prepared these documents. Simply put, Universal's corporate representative cannot lay the foundation for documents prepared outside of Universal. See, e.g., Charles

7

W. Ehrhardt, 1 Fla. Prac., Evidence § 803.6 (2023 ed.) ("Normally, a record custodian of one business cannot lay a foundation for business records of a second business, even in possession of the first business, because the witness would not have personal knowledge of how the second business kept [its] records and could not testify to the foundation requirements.").

Universal correctly argues that it is not necessary to call the person who actually prepared the document in order to lay the foundation for the business record exception; rather, any person who has the requisite knowledge as to how the record was made can testify. But Universal does not explain how its corporate representative had this requisite knowledge with respect to documents created outside of Universal. The only case Universal cites in support of this argument is United Automobile Insurance Co. v. Chiropractic Clinics of South Florida, PL., 345 So. 3d 952, 954 (Fla. 3d DCA 2022). But that case involved the admissibility of a United Auto adjuster's affidavit regarding United Auto's own business records (even though those records were generated before the adjuster's involvement in the case). This Court held that the affidavit was admissible because the adjuster had sufficient knowledge to testify about how United Auto's records were made. Here, by contrast, the documents at issue were not prepared by anyone at Universal as part of its regularly conducted business activities; they were prepared by outsiders.

2. Admissions Exception

Universal also argues the documents were admissible pursuant to § 90.803(18), Florida Statutes (2023), which permits out of court admissions by a party-opponent. "These out-of-court statements and actions are admissible not because they were against the interests of the party when they were made, but because they are statements made by an adversary and because the adverse party cannot complain about not cross-examining himself or herself." Ehrhardt, supra, at § 803.18.

As an initial matter, it was still improper for Universal to attempt to lay a foundation for admissibility of Nacimiento's alleged admission through Universal's corporate representative. But even assuming Universal had laid a proper foundation, the trial court did not commit reversable error. This is because the trial court's ruling was also based on relevance. That is, the documents could not be used to show fraud or concealment in this case (which has to do with a 2016 claim) because they were never submitted for this claim. The documents were instead submitted for a 2020 claim. This puts our review squarely under the abuse of discretion standard, and there is nothing about the trial court's ruling that would warrant reversal under such a deferential standard. See Heath v. State, 648 So. 2d 660, 664 (Fla. 1994) ("The trial court has broad discretion in determining the relevance of

9

evidence and such determination will not be disturbed absent an abuse of discretion.").

As acknowledged by Universal before trial, the only possible misrepresentation that occurred *for this claim* (the 2016 claim) was the 2021 Leyva Estimate, which was prepared after the 2020 bathroom leak. Universal was permitted to cross-examine Leyva about this estimate and ask whether it was overinclusive. Moreover, the jury was asked to consider whether Universal proved there had been a misrepresentation, and the jury answered no. In short, there is nothing in the record that warrants reversal in this case.

## III. CONCLUSION

Because the trial court did not abuse its discretion or otherwise reversibly err in excluding Nacimiento's 2021 proof of loss and the 2020 Weir Law Firm Estimate, we affirm.

Affirmed.